**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1467
_____

JONATHAN ANDRE GILMORE,
                                          Appellant

v.

DR. STEPHANY MCGANN, MD/CD; DR. KYLE KNOWLES, MD; DR. C. MORLEY,
PHD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:21-cv-19018)
District Judge: Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 24, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed:   September 20, 2023)

_____

_____

OPINION[*]

_____

PER CURIAM

Jonathan Andre Gilmore, a federal prisoner proceeding pro se and in forma pauperis, filed a <u>Bivens</u>[1] action alleging Defendant Stephany McGann, a doctor and lieutenant commander in the U.S. Public Health Service (PHS), violated his Eighth Amendment right to adequate medical care. He also alleged that the Defendants violated his First Amendment rights by altering his medical records in hope of avoiding liability and in retaliation for the administrative grievances that he leveled against them. The Defendants filed a motion to dismiss, which was granted by the District Court. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B). <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We may take summary action when no substantial issue is presented on appeal. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court correctly concluded that McGann, as a PHS employee, is not personally subject to <u>Bivens</u> actions challenging conduct "arising out of the performance of medical or related functions within the scope of [her] employment." <u>See</u> 42 U.S.C. § 233(a); <u>Hui v. Castaneda</u>, 559 U.S. 799, 802 (2010) ("Based on the plain language of §

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

233(a), we conclude that PHS officers and employees are not personally subject to Bivens actions for harms arising out of such conduct.").

Similarly, the District Court rightly dismissed Gilmore's First Amendment retaliation claim, because Bivens does not encompass such a cause of action. See Egbert v. Boule, 142 S.Ct. 1793, 1807 (2022).

Because Gilmore's appeal does not present a substantial question, we will affirm the District Court's dismissal of his complaint. Likewise, we deny Gilmore's motion for appointment of counsel and oral argument.